UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH EDWARD BOVIN BELSKIS, : | |
| : | |
| Petitioner, : | Civ. No. 19-8669 (RBK) |
| : | |
| v. : | |
| : | |
| DAVID ORTIZ, et al., : | **OPINION** |
| : | |
| Respondents. : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate incarcerated at FCI Fort Dix, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration, as well as an application for *pro bono* counsel. (ECF No. 5, 7). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a civil rights or declaratory judgment action, in an appropriate court. Additionally, the Court will deny his application for *pro bono* counsel as moot.

I.   BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. The Court gleans from the limited allegations, that this case arises from Petitioner's medical issues and treatment thereof, while serving his sentence at FCI Fort-Dix. Petitioner contends that he is not receiving appropriate diabetic medical care, such as insulin, meals, and

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

special shoes. Petitioner maintains that these failures increase his risk for further diabetes related amputations.

Petitioner filed the instant Petition under § 2241, challenging the conditions of his confinement under the Eighth Amendment. Petitioner seeks relief in the form of proper medical treatment, as well as an order for his release. (ECF No. 5, at 10).

## II. DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

Under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . . He is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation

omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims related to his medical care do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his medical care, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional. "Rather, his allegations are that the *conditions* of his confinement are unconstitutional under the Eighth Amendment." *Turner v. Ortiz*, No. 16-9553, 2017 WL 1955330, at *2 (D.N.J. May 11, 2017)(emphasis in original); *see also Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding that claims of inadequate medical care "do not sound in habeas corpus").

Stated differently, because a finding in Petitioner's favor on these claims, such as ordering his requested medical treatment or finding that his lack of medical care constitutes cruel and unusual punishment "would not alter [the length of] his sentence or undo his conviction," he cannot proceed on these claims by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009).

Accordingly, the Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do

not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court. Additionally, the Court will deny Petitioner's application for *pro bono* counsel as moot. An appropriate Order follows.

Dated: January 27, 2020                    s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge